IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:13-CV-126-FL

| | |
|---|---|
| GEORGE R. EVANS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| OFFICER S.C. BRITT, LANKSFORD PROTECTIVE SERVICES, SAM LANKSFORD, JEFF MITCHELL, OFFICER J.K. GRIFFIN, GREENSBORO POLICE DEPARTMENT, GREENSBORO TRANSIT AUTHORITY, CITY OF GREENSBORO, NORTH CAROLINA, and KEN MILLER, | ) |
| Defendants. | ) |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE 5), upon frivolity review pursuant to 28 U.S.C. § 1915A. It is recommended therein that the court dismiss claims against certain defendants and allow others to proceed. Plaintiff has not filed objections to the M&R, and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge and dismisses in part and allows in part plaintiff's claims.

**BACKGROUND**

On June 17, 2013, *pro se* plaintiff, who is currently incarcerated, filed a motion for leave to proceed *in forma pauperis*, accompanied by proposed complaint asserting claims under 42 U.S.C. § 1983 and § 1988 for violation of his civil rights in connection with an alleged detention and arrest

of plaintiff at the Greensboro Transit Authority bus depot in Greensboro, North Carolina, on September 21, 2011. Plaintiff named as defendant S.C. Britt, an officer with defendant Lanksford Protective Service ("LPS"), a private security company retained by the Greensboro Transit Authority. Plaintiff also named as defendants the following: Sam Lanksford, owner of LPS; Jeff Mitchell, Vice President of LPS; the Greensboro Transit Authority; J.K. Griffin, an officer with the Greensboro Police Department; Ken Miller, Chief of the Greensboro Police Department; the City of Greensboro; and the Greensboro Police Department. Plaintiff states that he is suing the defendants in their individual and official capacities. The court incorporates herein by reference the detailed summary of the factual allegations contained in the M&R.

On May 21, 2014, M&R was entered allowing plaintiff to proceed *in forma pauperis* on the complaint, and the complaint was filed. Upon frivolity review, the M&R recommends dismissing claims against all defendants except for Britt and LPS. Plaintiff filed a motion to appoint counsel and notice of change of address. On June 11, 2014, the court denied the motion to appoint counsel, and granted an extension of time to file objections to the M&R. After plaintiff filed an additional notice of change of address, the court reserved the court's order and M&R to the new address, and reset the time period for filing objections.

**COURT'S DISCUSSION**

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Likewise, the court

2

Case 7:13-cv-00126-FL   Document 14   Filed 07/23/14   Page 2 of 5

does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

After carefully reviewing the M&R and the record, the court finds the analysis in the M&R to be thorough and cogent, and adopts it in full. The Prison Litigation Reform Act of 1996 ("PLRA") directs the court to identify "cognizable claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). As noted in the M&R, plaintiff has failed to state a claim upon which relief may be granted except as to certain claims against defendants Britt and LPS.

Plaintiff fails to state a claim against defendant Griffin because Griffin allegedly did not arrive on the scene until after Britt had detained and arrested plaintiff, and Griffin refused to arrest plaintiff. Plaintiff's conclusory allegations of concerted action fail adequately to state a claim for direct liability or conspiracy against Griffin. See Harris v. City of Virginia Beach, VA, 11 Fed. Appx. 212, 215 (4th Cir. 2001). Absent wrongdoing by Griffin, and personal involvement by his supervisor, Miller, the city, or the police department, plaintiff has failed to allege supervisory or official capacity claims against Griffin, Miller, the City of Greensboro, or the Greensboro Police Department. See id.

Plaintiff has stated a claim upon frivolity review, by contrast, against defendant Britt, regarding defendant Britt's alleged wrongful detention and arrest of plaintiff. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (stating that plaintiff may establish a Fourth Amendment violation based upon an arrest with probable cause). Plaintiff has also stated a claim against LPS, the private entity that allegedly employed Britt, based on plaintiff's allegations of an unconstitutional policy

3

or procedure. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999) ("[P]rinciples of § 1983 municipal liability . . . apply equally to a private corporation that employs special police officers."). By contrast, plaintiff has not stated a claim against Britt for return of medication to plaintiff following his arrest, as described in the M&R, nor against defendants Lanksford and Mitchell, owner and officer of LPS, given the lack of any alleged personal involvement in constitutional deprivations by these individuals.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R in full, and DISMISSES IN PART plaintiff's complaint (DE 1) as frivolous pursuant to 28 U.S.C. § 1915A, with remaining claims ALLOWED TO PROCEED.

1. In particular, the following claims are DISMISSED:
    a. All claims based on Britt's return of medication to plaintiff, and all claims against Britt in his official capacity;
    b. All claims against Griffin, Miller, Sam Lanksford, Mitchell, the Greensboro Police Department, the City of Greensboro, and Greensboro Transit Authority.
2. The following claims are ALLOWED TO PROCEED: claims against Britt individually and against LPS arising from Britt's alleged wrongful detention and arrest of plaintiff.

The clerk is DIRECTED to issue the summons for defendants Britt and LPS. Thereupon, pursuant to Federal Rule of Civil Procedure 4(c), the court DIRECTS the United States Marshal to serve these defendants with the complaint, summons, the M&R, and this order.

4

SO ORDERED, this the 23rd day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

5